which creates a menace, and, when the menace becomes effective by causing injury to a blameless person, liability necessarily follows. It seems illogical to say that, if the city had done anything in discharge of its admitted duty to try and make this tumble-down structure safe, it would have been liable, but that, inasmuch as it has done nothing whatever in that regard, it is to be held exempt.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except WOODWARD and JENKS, JJ., dissent.

WOODWARD, J (dissenting). Plaintiff's intestate, a boy 17 years of age, on the 26th day of July, 1903, went out with a party in a tugboat for a pleasure excursion. The party boarded the tug by means of rowboats, but, on returning, the water was rough, and the captain of the boat landed at a pier on the shore of the East river, the property of the defendant. Plaintiff's intestate stepped out upon the dock, took a step forward, and disappeared through a hole in the dock. He was not again seen alive. From a judgment of nonsuit the plaintiff appeals to this court.

The dock in question was originally owned by private parties. It was purchased under legislative authority by the county of Kings for the purpose of constructing what was known as the "Shore Road," and subsequently came into the ownership of the defendant through the provisions of the Greater New York charter. The pier in question has not been held out as a public pier at any time since it came into the ownership of the defendant or its immediate predecessor in title. It appears to have been left substantially as it existed at the time the property was purchased from the original owner, subject to the action of the elements, and with no purpose on the part of either of the municipalities to make any use of it as a dock or for public purposes. It came into the ownership of the defendant merely as an incident to its parkway system, and was apparently considered of no practical utility, and the fact that persons have fished from this dock, or that two contractors, under permits from the park commissioners, have used the dock for a temporary purpose, does not constitute this a public dock, nor does it hold out an invitation for its use by the public. Under the facts disclosed by the evidence, there was no liability on the part of the defendant, and the nonsuit was properly granted.

---

(121 App. Div. 488.)

HALL v. NEW YORK, N. H. & H. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. EXPLOSIVES—PERSONAL INJURIES—PERSONS LIABLE—RAILROADS—CONSTRUC-
TION.
Where dynamite obtained by a contractor engaged in widening railroad tracks for use in his work exploded, and injured plaintiff, but it did not appear that the railroad company had anything to do with the dynamite and the cause of the explosion was unknown, a verdict against the railroad company was unwarranted.

**2. SAME—KEEPING OF DYNAMITE.**

    The keeping of dynamite by a contractor engaged in widening railroad tracks along the line of work for immediate use is not within an ordinance making it unlawful to have or keep dynamite in any place except in magazines erected for the purpose according to plans approved by the fire commissioners and under a license from the mayor.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Explosives, §§ 4, 5.]

Appeal from Westchester County Court.

Action by Hattie Hall against the New York, New Haven & Hartford Railroad Company and another to recover damages from a nuisance. Judgment for plaintiff, and defendant railroad appeals. Reversed, and a new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and GAYNOR, JJ.

Gustav R. Hamburger, for appellants.

William A. Walsh, for respondent.

GAYNOR, J. The widening of the appellant's railroad tracks in the City of Mount Vernon was being done by a contractor under a written contract with the appellant. Rock had to be blasted in the work by the contractor. The contractor used dynamite for this purpose. One hundred and five pounds of it in a box at a point on the work exploded, and the shock injured the plaintiff in her house nearby. She brought this action for damages against both the contractor and the railroad company (the appellant), and got a verdict of $500 against both. There is no evidence that the appellant had anything to do with the dynamite. It was brought on the work for necessary use by the contractor. The cause of the explosion is unknown. The learned trial judge also erred in his charge in respect of the city ordinance. In sum and substance it makes it unlawful "to have or keep" dynamite, or other explosives named, in any place in the city, except in magazines erected for the purpose according to plans approved by the fire commissioners and under a license from the mayor. The "storing" of such explosives except under such a license is subjected to a penalty. The refusal of the learned trial judge to charge that this ordinance did not apply to the case was error. It only applies to the storing of explosives to be taken out and used elsewhere, and not to explosives along the line of work for immediate use, as was the case here.

The judgment should be reversed.

Judgment and order of the County Court of Westchester county reversed and new trial ordered; costs to abide the event. All concur. HIRSCHBERG, P. J., concurs on first grounds stated in opinion.